THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE H. WINNER, Appellant.— Defendant has appealed from an order of the County Court of Delaware County, entered in the clerk's office of that county on the 25th day of October, 1943, denying his motion for permission to change his plea from guilty to not guilty. Defendant was indicted by the Grand Jury of Delaware County for the crime of burglary in the third degree, in two separate counts. The stenographic record fails to show when he was arraigned for the purpose of pleading to this indictment, that he was advised of his right to counsel and he was not then represented by counsel. Upon his arraignment he was charged with being a second offender within the meaning of section 1941 of the Penal Law in that there was a prior conviction against him for forgery in the second degree. Thereafter, and on the same day, it is claimed that defendant entered a plea of guilty to one count in the indictment charging him with the crime of burglary in the third degree. Defendant was sentenced to Attica Prison for a term of from ten to twenty years under the judgment of conviction and he has been imprisoned since that time. Under date of July 15, 1943, defendant filed a petition with the County Court of Delaware County asking the court to vacate the judgment of conviction and to permit him to plead *de novo* to the indictment, on the ground that at the time of his arraignment he was not advised of his right to counsel and that he was given no opportunity to confer with counsel, and that he entered a plea of guilty on the assumption that his plea was to the crime of petit larceny. Thereafter, and on October 25, 1943, the defendant was produced before the County Court and his application to be permitted to change his plea to the indictment was then heard and denied. At the time the County Court heard the matter for a change of plea, no witnesses were sworn but affidavits were filed with the County Court. The affidavits clearly indicate that defendant misunderstood the nature of the crime to which he was pleading and thought that the District Attorney advised him that he would be given a light sentence. The court actually pronounced upon defendant the longest sentence which it was possible for it to do. In view of the unsatisfactory statement of the record at the time the original plea was entered and in view of the statement contained in the affidavits, we think that the judgment of conviction should be vacated and the defendant given an opportunity to plead to the indictment *de novo*. The order appealed from is reversed, the judgment of conviction is vacated, and defendant is remanded to the County Court of Delaware County for the purpose of arraignment and plea to the original indictment. All concur.